**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Israel SOLORIO–GUTIERREZ,**
**Defendant–Appellant.**

**No. 10–10308.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 22, 2011.

Steven Erik Seitz, Esquire, Special Assistant U.S., U.S. Attorneys Office, San Jose, CA, Merry Jean Chan, Esquire, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Manuel Urquidez Araujo, Assistant Federal Public Defender, Federal Public Defender's Office, San Jose, CA, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Israel Solorio–Gutierrez appeals from the 37–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solorio–Gutierrez contends that the district court failed to adequately explain its reasons for imposing the sentence. The record reflects that the district court provided a reasoned sentencing explanation and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Solorio–Gutierrez also contends that his sentence is substantively unreasonable because it was greater than necessary to serve the goals of sentencing, among other reasons. In light of the totality of the circumstances, particularly his prior conviction for drug trafficking and prior deportations, as well as the 18 U.S.C. § 3553(a) factors, the district court's within-Guidelines sentence is substantively reasonable. *See Carty,* 520 F.3d at 993.

**AFFIRMED.**